UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>John Harland Bagley and<br>Kelly Lynn Bagley,<br>　　Debtors. | Chapter 7<br>Case No. 13-30800-svk |

| | |
|---|---|
| David Schlaack,<br>　　Plaintiff,<br>v.<br><br>John Harland Bagley and<br>Kelly Lynn Bagley,<br>　　Defendants. | Adv. No. 13-2857 |

DECISION AND ORDER DISMISSING COMPLAINT

On May 1, 2014, the Court held a trial on the nondischargeability complaint filed by Dr. David Schlaack (the "Plaintiff") against the Debtors in this bankruptcy case. The complaint alleged that John Bagley (the "Debtor") committed defalcation in a fiduciary capacity by failing to use money the Plaintiff paid him for a remodeling project to pay for materials or subcontractors.

The Plaintiff offered the testimony of police officer Kathryn Budda, who investigated the Plaintiff's complaint against the Debtor for theft by contractor. Officer Budda concluded that the Debtor did not properly account for funds paid to him by the Plaintiff, and referred the Debtor for charges by the Waukesha County District Attorney. Although she testified that $40,000 was paid to the Debtor for the remodeling project, on cross-examination she admitted that a $25,000 check that she produced was the only check that the Plaintiff gave to the Debtor. She stated that another dentist paid the other $15,000. She testified that the Debtor was convicted of theft by contractor by the Circuit Court for Waukesha County.

The Plaintiff testified that he had a $65,400 contract with the Debtor to remodel his dental office, and that he paid him $25,000 at the time the contract was signed. The first weekend in February 2010, the Debtor and a helper came to the worksite with a stockpile of materials that apparently were selected by the Plaintiff's subtenant, Dr. Bubon. The Plaintiff had not approved the materials and rejected them, as they were a colonial style and the existing woodwork was a "fluted" style. The Plaintiff testified the materials were not consistent with the contract, but admitted on cross-examination that the contract does not specify the style of materials or call for his pre-approval of the materials. The Debtor ordered new materials, but the Plaintiff rejected those as well. Finally, the Plaintiff approved the third set of materials. At some point, the Debtor left the job without completing it.

The Plaintiff testified that the Debtor admitted at a hearing that he mishandled some money. Although his attorney suggested that the Debtor admitted to mishandling $18,000, the Plaintiff testified that he did not know a dollar amount. He later testified that he knew he Debtor spent only $5,000 of the funds on the job. The Plaintiff's muddled testimony did not establish that the Debtor acted with the intent to defraud the Plaintiff. The Plaintiff did not dispute that the Debtor's conviction for theft by contractor was a result of the Debtor pleading no contest.

Although the Plaintiff's witness list stated that he would call the Debtor adversely, the Plaintiff rested his case after the testimony of the Plaintiff and Officer Budda. The only exhibits admitted into evidence were the Decision and Order in the Waukesha County criminal case, the contract and a February 18, 2010 proposed change order log.

At the close of the Plaintiff's case, the Debtor moved for dismissal of the complaint, contending that the Plaintiff had not proven the elements of defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4). Specifically, the Debtor claimed that the Plaintiff did not prove that the Debtor acted with willful, knowing and reckless intent.

2

In response, the Plaintiff relied on the Decision and Order to prove this element, arguing that this Court must give collateral estoppel effect to the findings of the state court. As this Court noted in *Gerard v. Gerard (In re Gerard)*, 482 B.R. 265, 269 (Bankr. E.D. Wis. 2012), *aff'd*, 2014 U.S. Dist. LEXIS 14899 (E.D. Wis. Feb. 5, 2014):

> Only a bankruptcy court can grant a discharge, and the bankruptcy court therefore has exclusive jurisdiction to determine the dischargeability of a debt based on fraud, willful and malicious conduct and the like. 11 U.S.C. § 523(c); *Stoll v. Conway*, 148 B.R. 881, 883 (Bankr. E.D. Wis. 1992). Although state court judgments on questions of fraud, willfulness, malice, and other issues may not bind a bankruptcy court in a dischargeability action, under certain conditions debtors will be collaterally estopped from re-litigating factual determinations made in connection with such judgments in the bankruptcy court. *See, e.g., Reeves v. Davis (In re Davis)*, 638 F.3d 549 (7th Cir. 2011) (factual finding that contract included a term was binding on bankruptcy court, but state court litigation did not include finding of debtor's intent).
>
> The Supreme Court has explained that: "Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). In determining whether to give a Wisconsin state court judgment preclusive effect, this Court must apply Wisconsin law. *Worldwide Prothetic Supply, Inc. v. Mikulsky (In re Mikulsky)*, 301 B.R. 726, 728 (Bankr. E.D. Wis. 2003). *Mikulsky* listed Wisconsin's four elements of issue preclusion: "(1) The prior judgment must be valid and final on its merits. (2) There must be an identity of issues. (3) There must be an identity or privity of parties. (4) The issues in the prior action must have been actually litigated and necessarily determined." *Id*. at 728-29.
>
> "The party asserting the doctrine has the burden of proving that all of the threshold requirements have been met. . . . To meet this burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts." *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011) (explaining further that "[r]easonable doubts about what was decided in the prior action should be resolved against the party seeking to assert preclusion").

The Debtor cited *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, 281 Wis. 2d 448 (2005), which held that a guilty plea or plea of no contest does not fulfill the "actually litigated" requirement for issue preclusion. *Mrozek* involved a defendant who pled guilty to securities fraud, and later

3

tried to sue her former attorneys for negligence. The attorneys argued that issue preclusion prevented the re-litigation of the issue of their former client's wrongdoing. The Wisconsin Supreme Court noted that some states apply issue preclusion to guilty pleas, while others do not. In the end the *Mrozek* court was persuaded that issue preclusion should not apply to guilty pleas, based on reasoning by the New Jersey Superior Court:

> [A guilty plea] represents the decision of the defendant to forego such litigation and usually for reasons having little or nothing to do with the nature of the issues. . . . The motives for the State and a criminal defendant to make a plea agreement are many. The State may be seeking to conserve its scarce resources by avoiding a trial and a defendant may be attempting to secure his freedom or at least a reduced term of incarceration. Such reasons have little or nothing to do with the determination of the issues in the [later action].

*Id.* at 467 (internal citations and quotations omitted).

In this case, there is no dispute that the Debtor's conviction and the state court's Decision and Order were based on the Debtor's plea of no contest. Since Wisconsin law does not give preclusive effect to such a plea, the Plaintiff cannot rely on the findings in the Decision and Order to establish that the Debtor's conduct constituted defalcation.

Defalcation was recently defined by the Supreme Court in *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1757 (2013). Under *Bullock*, the Plaintiff must prove the Debtor's wrongful intent, a culpable state of mind "involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Id*. That proof is lacking here.

The Plaintiff established that the parties entered into a contract for a remodeling job, and the job was marred from the beginning by misunderstandings concerning the materials. The Debtor eventually abandoned the job, and the Plaintiff called the police. Officer Budda's investigation led her to believe that the Debtor had mishandled the money paid by the Plaintiff. However, her testimony did not provide proof of the Debtor's wrongful intent. For example, she

4

stated that the Debtor admitted that he could not account for all of the money. She did not testify that the Debtor knew about the theft by contractor statute or his fiduciary obligations under that statute. A failure to account could result from mere negligence, not necessarily an intentional act. The Debtor pled no contest and was convicted of theft by contractor. As the Wisconsin Supreme Court noted in *Mrozek*, there can be many reasons for entering into such a plea that do not necessarily constitute an admission of wrongdoing.

The Plaintiff's testimony likewise did not prove that the Debtor acted with "a mental state embracing intent to deceive, manipulate, or defraud," the heightened standard required by *Bullock*. *Id.* at 1760. Instead, the picture painted was of a remodeling job where the Plaintiff, the Debtor and Dr. Bubon were not on the same page regarding the materials and change orders. While the Plaintiff made an ample showing that the Debtor breached the contract, there was little if any evidence that the Debtor's conduct constituted defalcation as defined by *Bullock*. Without such proof, the Plaintiff failed to carry his burden of proof.

IT IS THEREFORE ORDERED: the Complaint is dismissed.

Dated: May 2, 2014

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge

5